ANGUS GROUP, INC., APPELLANT, *v.*
HILL & GRIFFITH COMPANY,
APPELLEE.

(No. C-860469—Decided
July 29, 1987.)

*Cohen, Todd, Kite & Stanford* and
*Thomas C. Kilcoyne,* for appellant.
*Paxton & Seasongood* and *Louis F. Solimine,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Court of Common Pleas.

The Angus Group, Inc., plaintiff-appellant ("Angus"), is an employment agency; the Hill & Griffith Co., defendant-appellee ("Hill"), is an employer that initiated the events giving rise to this appeal by asking Angus to seek a suitable person to be employed by Hill as purchasing manager. Angus referred four people to Hill which was interested in only one of the four, Michael McCauley. Although McCauley did not enter the employ of Hill, he did notify a friend and work-associate, Gary Miller, of the employment opportunity with Hill. Miller was ultimately employed by Hill without personal intervention by Angus, but Angus asserted that it was entitled to a fee of $8,000 (twenty-five percent of the $32,000 salary to be paid Miller for the first year of employment). When Hill refused to pay the fee, Angus filed its complaint in the common pleas court.

After the answer was filed, the parties filed cross-motions for summary judgment. The motion filed by Angus was supported by the affidavit of McCauley while the cross-motion filed by Hill was supported by the affidavit of David N. Greek, president and general manager of Hill, and the affidavit of Miller. The complaint, the answer, and the three affidavits constitute all the evidentiary material, as permitted by Civ. R. 56(C), that the court below had for determination of the motions. The common pleas court denied Angus's motion, granted Hill's cross-motion and dismissed the complaint.

The granting of the summary judgment in favor of Hill is the solitary assignment of error presented by Angus. As issues for review under that assignment, Angus advances three contentions: the employment agency is entitled to its fee, as a matter of law, when it is the procuring cause of the employment; the determination of the procuring cause is a question of material fact; and, defendant's own affidavits raise a genuine issue of material fact. We find the assignment of error to be without merit.

Angus acknowledges that research has failed to produce a reported decision in Ohio addressing this problem and our study confirms this fact. The resolution of the appeal will depend upon the general principles of the law of contracts and the law relative to summary judgments as they are applied to the case on review.

In order for a summary judgment

to be granted, the trial court must consider only the evidentiary matters specified in Civ. R. 56(C), and must conclude therefrom that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

We have reviewed the documents upon which the lower court was authorized to determine the propriety of the summary judgment. Those documents are the complaint, the answer, and the affidavits of McCauley, Miller and Greek. The determinative issue is thus reduced to whether there is a genuine issue of Angus being the procuring cause in bringing Miller and Hill together. There is no genuine issue as to any other material fact.

The answer filed by Hill admits that Hill engaged Angus to screen and refer suitable candidates for the particular job opening and agreed to pay Angus a scheduled commission if Angus was the procuring cause in bringing together Hill and the person employed. Angus relies on the facts that it had referred McCauley (who was not employed by Hill); that McCauley had notified his friend, Miller, of the employment opportunity; and that Miller was ultimately employed by Hill. Those facts, Angus asserts, establish that it was the procuring cause of Miller's employment by Hill and its consequent entitlement to the commission.

In Paragraph 6 of Hill's answer to Angus's complaint, it is admitted that Hill contacted Angus and "engaged [Angus's] services for the procurement of a Purchasing Manager." It has been held by the Supreme Court of Ohio that the term "procuring cause" refers to a cause "directly originating a series of events which without break in their continuity directly result in the accomplishment of the prime objective * * *." *Bauman* v. *Worley* (1957), 166 Ohio St. 471, 2 O.O. 2d 473, 143 N.E. 2d 820, paragraph two of the syllabus.

The activity of Angus (the referral of McCauley) does not, as a matter of law, exhibit those attributes of direct origination of a series of events, which, in unbroken continuity, result directly in the employment of Miller so as to constitute Angus as the procuring cause of his employment. To the contrary, the affidavit of McCauley submitted by Angus in support of its motion for summary judgment indicated Angus's singular lack of interest in the possibility that Miller might be a suitable person to be referred to Hill. Angus had an opportunity to establish that continuity in the series of events necessary for its referral of McCauley to be the procuring cause of Miller's employment. It saw fit not to take that opportunity.

The assignment of error is overruled and the judgment appealed from is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., DOAN and UTZ, JJ., concur.